MINER, Judge.
Appellant, Ruth P. Alsobrook, appeals the order of the State Retirement Commission sustaining the denial of regular and inline-of-duty disability retirement benefits by the State Division of Retirement. We affirm.
Appellant was employed by the Pasco County School Board for a total of approximately twenty-three years and testified that she had experienced on the job accidents in 1980 and 1986 which resulted in total and permanent disability. She had earlier filed an application for regular and in-line-of-duty disability retirement benefits with the Division of Retirement. After her application was denied, appellant then filed a petition for an administrative hearing before the State Retirement Commission. By letter of October 23, 1989, the Commission notified appellant that all documents, including depositions, that either party might want to offer into evidence, and the names and addresses of potential witnesses, must be received by the Commission at least ten days prior to the final hearing. On May 9, 1990, appellant’s attorney filed a motion with the Commission to continue the hearing, which had been scheduled to com- *1174 menee on May 21, 1990. Counsel’s motion advised the Commission that he had just recently been retained to represent appellant, and could not adequately prepare for the hearing within the time frame contemplated. By order dated May 21, 1990, the Commission granted the motion for continuance. By “Notice of Hearing” dated October 22, 1990, appellant was notified that her claim was to be heard on November 12, 1990, on which day the hearing was held.
At the commencement of the hearing, appellant’s counsel moved to admit into evidence the depositions of two expert witnesses, Dr. Ruiz and Dr. Piper, which depositions had not previously been filed with the Commission as is required by Rule 22J-1.0042, Florida Administrative Code (the so called ten day rule). As to Dr. Ruiz’s deposition, appellant’s attorney explained that he did not discover until just prior to the commencement of the hearing that, due to “clerical error,” the copies of the deposition transcripts which should have been sent to the Retirement Commission pursuant to the rule were sent, instead, to the Division of Retirement.[1] Appellant also attempted to introduce into evidence the deposition of Dr. Piper despite its tardiness, explaining that Dr. Piper had cancelled numerous previously scheduled depositions and did not make himself available for deposition until early on the morning of the hearing. After deferring to her fellow Commission members, the Commission chairperson refused to waive the ten day requirement, and the deposition testimony of both expert witnesses was not admitted into evidence.
In the alternative, counsel requested a second continuance in order that the deposition testimony, which he termed vital to presentation of appellant’s case, could be submitted to the Commission. Again, after giving her fellow Commissioners an opportunity to veto her decision, the chairperson refused again to waive the ten day rule or to grant another continuance and the hearing proceeded. From a final order issued by the Commission sustaining the determination of the Division of Retirement, appellant seeks review.
Relevant to the present appeal is Florida Administrative Code Rule 22J-1.0042, which provides:
Copies of all documents to be offered in evidence at hearing, including depositions, shall be furnished to the Commission by the offering party at least 10 days prior to the hearing. Documents not furnished to the Commission within the proscribed time limit shall be excluded' from evidence at hearing, except that the chairperson may waive this rule for good cause shown and except that this rule shall not require the exclusion of rebuttal evidence.
In addition, Florida Administrative Code Rule 22J-1.0046 provides in part:
Continuances may be granted only for good cause and within the discretion of the chairperson or upon stipulation of the parties with the consent of the chairperson. Requests for continuance shall be made in writing. Except in cases of extreme emergency, no request for a continuance will be granted unless made at least 10 days prior to the date of the noticed hearing.
In cases such as this, where evidence which might have resulted in a favorable resolution of a party’s claim has been excluded from consideration because of that party’s counsel’s failure to comply with procedural rules, it is often tempting to a reviewing court to step into the breach and remedy counsel’s neglect by straining to find an abuse of discretion. Here, had we been sitting as Commission members we may very well have accepted the depositions in question or granted a second continuance. However, that is not the question. As much as we might sympathize with appellant that her case was not presented to the Commission in its best light, we cannot accept her counsel’s implicit invitation to excuse his omission by finding an abuse of discretion on the part of *1175 the Commission where none exists. Otherwise stated, on appeal, appellant was obliged to demonstrate such an abuse of discretion. She having failed to do so, we have no choice in the matter but to affirm.
AFFIRMED.
WEBSTER, J., concurs.
ZEHMER, J., dissents with opinion.

. Appellant had been previously notified, in writing on Commission letterhead stationery by the Clerk of the Retirement Commission as to Rule 22J-1 submission requirements in language most understandable. Clearly and prominently printed on the notice was the mailing address of the Commission.